# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **MALCOLM J. STATION** | **CIVIL ACTION NO. 06-0322** |
| **VS** | **SECTION P** |
| **CHARLES HAMAKER, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on February 22, 2006, by *pro se* plaintiff Malcolm J. Station. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is presently incarcerated at the Bossier Correctional Facility in Plain Dealing, Louisiana; however, he complains that his personal legal papers are in the possession of the defendants, Charles L. Hamaker, a retired attorney, and his housekeeper, Annie Bell Cooper, and that they refuse to return them. Hamaker and Cooper reside in Monroe, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

## STATEMENT OF THE CASE

According to plaintiff, Mr. Hamaker, a retired attorney, expressed interest in assisting plaintiff in litigating a *habeas corpus* action which plaintiff filed in the United States District Court for the Middle District of Louisiana. Plaintiff claims that he mailed a copy of his criminal case file and other personal documents to Mr. Hamaker. However, at some point in time, Ms.

1

Cooper, plaintiff's "ex-girlfriend, Mr. Hamaker's housekeeper ... persuaded his mind against [plaintiff] in every way and now neither of them [will] return ... [plaintiff's] legal papers." Plaintiff seeks the return of his papers or money damages to compensate him for his loss.

## LAW AND ANALYSIS

When a prisoner files a civil rights suit pursuant to 42 U.S.C. §1983 and is allowed to proceed *in forma pauperis*, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a

2

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint is clear and concise. Plaintiff has pled his best case and need not be afforded any further opportunity to amend. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of this frivolous complaint.

2. State Actor

While *pro se* pleadings are construed liberally, a *pro se* plaintiff still bears the burden "to plead specific facts and proper jurisdiction, pursuant to Rule 8 of the Federal Rules of Civil Procedure." *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D.Tex.1990). It does not appear that the jurisdiction of the federal courts has been properly invoked; the complaint alleges neither federal question jurisdiction nor jurisdiction founded upon diversity of citizenship.

To the extent that plaintiff's complaint arises under 42 U.S.C. §1983, it clearly fails to state a claim for which relief may be granted. "In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).

In order to prove the deprivation of a right protected by Constitution, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a "state actor." *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203-04 (5th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff implies that he has been deprived of property without due process; he also implies that this deprivation may deny him his right of access to the courts. These allegations may arguably state claims for relief; however, the fact remains that the deprivations alleged were the result of the action and/or inaction of a private attorney and his housekeeper, neither of whom were acting under color of state law. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." See *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir.1988).

In short, to the extent that plaintiff's complaint purports to arise under the provisions of 42 U.S.C. §1983, it clearly fails to state a claim for which relief may be granted and is frivolous.[1]

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond

---

[1] Plaintiff cannot claim that this court has jurisdiction by virtue of the provisions of 28 U.S.C. §1332 because all of the parties reside in Louisiana.

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of May, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE